**LABORDE PROPERTIES, L.P., and Laborde Management, LLC, Appellants**

v.

**U.S. SHALE ENERGY II, LLC, Raymond B. Roush, Ruthie Roush Dodge, and David E. Roush, Appellees**

No. 04–16–00168–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: December 28, 2016

Andrew L. Kerr, Forrest Seger III, Strasburger & Price, LLP, San Antonio, TX, Michael G. Maloney, Austin, TX, for Appellant Attorney.

Corey Wehmeyer, Katy Ilen Moore, Benjamin Robertson, Santoyo Moore Wehmeyer P.C., San Antonio, TX, Raymond B. Roush, Law Office of Raymond B. Roush, Oklahoma, OK, for Appellee Attorney.

Sitting en banc: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Marialyn Barnard, Justice, Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

### DISSENTING OPINION

#### Opinion Dissenting To the Denial of Appellees' Motion for En Banc Reconsideration

Dissenting Opinion by: Luz Elena D. Chapa, Justice

The panel opinion gives no effect to the deed's reservation of "an undivided one-half (1/2) interest" in "the" royalty and fails to adhere to longstanding harmonization principles. The panel opinion also misapplies the estate misconception theory by holding the theory supports finding a fixed interest. As a result of misinterpreting the deed's reservation, the panel opinion conflicts with prior decisions of this court, the Supreme Court of Texas, and other courts of appeals. *E.g.*, *Hysaw v. Dawkins*, 483 S.W.3d 1, 12 (Tex. 2016); *Graham v. Prochaska*, 429 S.W.3d 650 (Tex. App.—San Antonio 2013, pet. denied); *Coghill v. Griffith*, 358 S.W.3d 834, 840 (Tex. App.—Tyler 2012, pet. denied); *Hausser v. Cuellar*, 345 S.W.3d 462 (Tex. App.—San Antonio 2011, pet. denied) (op. on en banc reh'g). Because the panel opinion creates title uncertainty and will likely generate future title disputes, en banc reconsideration is necessary. *See* Tex. R. App. P. 41.2(c). I therefore respectfully dissent.